■ MENELAOS BELITSIS, Respondent, v AIRBORNE EXPRESS FREIGHT CORP. et al., Appellants. [761 NYS2d 329] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Glover, J.), dated August 1, 2002, which granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On September 25, 2000, the plaintiff was involved in an automobile accident with a vehicle operated by the defendant Edwin Tubens and owned by the defendant Airborne Express Freight Corp., which occurred at the intersection of Scott Avenue and Flushing Avenue in Brooklyn. The respective descriptions of the accident given by the plaintiff and Tubens are consistent with each other. Both descriptions indicated that they were driving on Scott Avenue, with the plaintiff's vehicle preceding the defendants' vehicle. The plaintiff stopped his vehicle at a stop sign at the intersection and entered the intersection, preparing to make a left turn onto Flushing Avenue. The

plaintiff abruptly stopped in the intersection to avoid an accident with a vehicle traveling at an excessive rate of speed on Flushing Avenue. Tubens, who stopped at the stop sign after the plaintiff and then entered the intersection preparing to make a right turn, struck the plaintiff's vehicle in the rear.

The Supreme Court properly granted the plaintiff's motion for partial summary judgment on the issue of liability. "A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the offending vehicle and imposes a duty of explanation on that operator" (*Sekuler v Limnos Taxi,* 264 AD2d 389 [1999]). We reject the defendants' claim that there are issues of fact as to whether the plaintiff contributed to the cause of the accident by stopping abruptly, or by failing to ensure that the intersection was clear before proceeding into it (*see Dickie v Pei Xiang Shi,* 304 AD2d 786 [2003]; *Abramov v Campbell,* 303 AD2d 697 [2003]; *Irmiyayeva v Thompson,* 296 AD2d 439, 440 [2002]; *Dileo v Greenstein,* 281 AD2d 586 [2001]; *DiPaola v Scherpich,* 239 AD2d 459, 460 [1997]).

Finally, since the facts concerning the accident are undisputed, the Supreme Court properly granted the plaintiff's motion before depositions were conducted. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.