■ BRITT A. RUSS, Respondent, v INVESTECH SECURITIES, INC., et al., Respondents, and MOHAMMAD Q. ZUBAIR, Appellant. [775 NYS2d 867]—

In an action to recover damages for personal injuries, the defendant Mohammad Qari Zubair appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated February 19, 2003, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on him or her to explain how the accident occurred (*see Hart v Town of N. Castle,* 305 AD2d 543 [2003]; *Irmiyayeva v Thompson,* 296 AD2d 439 [2002]; *Davis v Quinones,* 295 AD2d 394 [2002]). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the driver of the lead vehicle may properly be awarded judgment as a matter of law. A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence (*see Dickie v Pei Xiang Shi,* 304 AD2d 786 [2003]; *Vecchio v Hildebrand,* 304 AD2d 749 [2003]; *McGregor v Manzo,* 295 AD2d 487 [2002]; *Levine v Taylor,* 268 AD2d 566 [2000]).

The Supreme Court erred in denying the appellant's motion for summary judgment, as the driver of the moving vehicle failed to come forward with any evidence to rebut the inference of negligence. Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.