■ Gabriela Briceno et al., Respondents, v Sharon M. Milbry et al., Respondents, and Joseph F. Laurenti et al., Appellants. [791 NYS2d 622]—

In an action to recover damages for personal injuries, the defendants Joseph F. Laurenti and Darlene C. Laurenti appeal from an order of the Supreme Court, Nassau County (Jonas, J.), dated January 23, 2004, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants-respondents.

The plaintiffs commenced this action to recover damages for the injuries they allegedly sustained on December 8, 2003, when a bus owned by the defendant Metropolitan Suburban Bus Authority/MTA Long Island Bus (hereinafter the MTA) and operated by the defendant Sharon M. Milbry, in which the plaintiffs were passengers, rear-ended a vehicle owned by the defendant Darlene C. Laurenti and operated by the defendant Joseph F. Laurenti (hereinafter the Laurenti defendants).

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, imposing a duty of explanation on the operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause" (*Power v Hupart,* 260 AD2d 458, 258 [1999]; *accord Filippazzo v Santiago,* 277 AD2d 419, 419 [2000]). Here, it was undisputed that the MTA bus struck the rear of the Laurenti defendants' vehicle. Thus, the Laurenti defendants established, prima facie, their entitlement to judgment as a matter of law in support of their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them (*see Barile v Lazzarini,* 222 AD2d 635 [1995]).

The burden then shifted to the MTA and Milbry to come forward with a non-negligent explanation for the accident. Their explanation that the accident occurred when the Laurenti defendants' vehicle cut in front of the bus and then immediately stopped, causing the bus to apply its brakes in an attempt to avoid a collision and skid on black ice, raised a triable issue of

fact sufficient to defeat the Laurenti defendants' motion (*see Ebanks v Triboro Coach Corp.*, 304 AD2d 406 [2003]; *Green v Hong Lee Trading*, 263 AD2d 445 [1999]; *Galitsis-Orengo v MCL Imports*, 251 AD2d 285 [1998]; *Figueroa v Cadbury Util. Constr. Corp.*, 239 AD2d 285 [1997]). Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.