(January 31, 2006)

■ Seeham Ayach et al., Respondents-Appellants, v Olga Ghazal et al., Appellants-Respondents. [808 NYS2d 759]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 24, 2005, as denied their cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Seeham Ayach did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied their motion for summary judgment on the issue of liability and directed them to provide a duplicate copy of "MRI films dated December 29, 1999."

Ordered that the plaintiffs' notice of cross appeal is also

treated as an application for leave to cross-appeal from the provision of the order which directed the plaintiffs to provide a duplicate copy of "MRI films dated December 29, 1999," and leave to cross-appeal is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the plaintiffs' motion for summary judgment on the issue of liability is granted, and the plaintiffs are directed to provide a duplicate copy of "X-ray films dated December 29, 1999," if they have not done so already; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The accident occurred on a one-lane exit ramp leading from I-287 to the Sprain Brook Parkway during rush hour. The defendant driver claimed at her examination before trial that she saw a car cut in front of the plaintiffs' vehicle, causing the plaintiffs' vehicle to come to an abrupt stop in front of the defendants' vehicle. There was one car length between the defendants' vehicle and the plaintiffs' vehicle. The defendants' vehicle was unable to stop in time to avoid hitting the plaintiffs' vehicle in the rear.

The law is well-settled that "[a] rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the moving vehicle" (*see Russ v Investech Sec.*, 6 AD3d 602 [2004]). "A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" (*Russ v Investech Sec., supra* at 602; *see Belitsis v Airborne Express Frgt. Corp.*, 306 AD2d 507 [2003]; *Dickie v Pei Xiang Shi,* 304 AD2d 786 [2003]). The defendants' claim that the plaintiffs' vehicle was cut off by a third vehicle supported the plaintiffs' position that the plaintiff driver may not be charged with comparative fault, and did not provide a nonnegligent explanation for the defendant driver's conduct. Accordingly, the plaintiffs were entitled to summary judgment on the issue of liability.

On the issue of serious injury, the plaintiffs asserted in their bill of particulars that the injured plaintiff suffered an aggravation of an underlying degenerative condition. On the question of whether the injured plaintiff suffered an aggravation of a preexisting degenerative condition which constituted a serious injury, the defendants failed to establish their entitlement to judgment as a matter of law.

The defendants' orthopedist stated in his affirmed report that as a result of the accident, the injured plaintiff suffered "signif-

icant changes in the neck and back" with a "guarded" prognosis. In his opinion, the accident caused "a strain to her neck" which was "superimposed" on degenerative changes. Based upon the information he had been given he could not determine what symptoms related to the accident and what symptoms were preexisting. The defendants' neurologist stated in his affirmed report that the accident "produced an acute cervical strain syndrome activating preexisting degenerative spine disease" which included difficulty in swallowing.

Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, the sufficiency of the opposing papers need not be addressed.

However, we note that the plaintiffs' physician compared the injured plaintiff's X rays dated December 29, 1999, with X rays taken subsequent to the accident. Therefore, the Supreme Court misspoke when it directed the plaintiffs to provide copies of "MRI films dated December 29, 1999," and should instead have directed the plaintiffs to provide copies of "X-ray films dated December 29, 1999." Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.