◼ Allan Levin, Respondent, v Khawar R. Chaudhry et al., Appellants. [809 NYS2d 459]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated November 12, 2004, which denied their motion for summary judgment dismissing the complaint

on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

We affirm the Supreme Court's order, but on grounds other than those relied upon by the Supreme Court. The report of the defendant's neurologist failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Aronov v Leybovich,* 3 AD3d 511 [2004]).

In addition, the Supreme Court correctly granted the plaintiff's cross motion for summary judgment on the issue of liability. A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rear vehicle, requiring a nonnegligent explanation for the collision (*see Briceno v Milbry,* 16 AD3d 448 [2005]; *Niyazov v Bradford,* 13 AD3d 501 [2004]; *Russ v Investech Sec.,* 6 AD3d 602 [2004]). The plaintiff made out a prima facie case of negligence by establishing that he was struck by a taxicab owned by the defendant Aharony Taxi Corp., and operated by the defendant Khawar R. Chaudhry, and that the taxicab was unable to stop in time to avoid coming into contact with the rear of the plaintiff's vehicle (*see Briceno v Milbry, supra*). Contrary to the defendants' contention, they failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Russ v Investech Sec., supra*). Santucci, J.P., Luciano, Fisher and Covello, JJ., concur.