■ MARLENE CAMPBELL, Appellant, v CITY OF YONKERS et al., Respondents. (Action No. 1.) MARY DENTON, Plaintiff, v MARLENE CAMPBELL et al., Defendants. (And a Third-Party Action.) (Action No. 2.) [833 NYS2d 101]—

In two related actions to recover damages for personal injuries, Marlene Campbell, the plaintiff in action No. 1, appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered September 22, 2006, which denied her motion for summary judgment on the issue of liability in action No. 1.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment on the issue of liability in action No. 1 is granted.

These actions arise out of a two-vehicle collision involving a vehicle operated by Marlene Campbell, the plaintiff in action No. 1, in which Mary Denton, the plaintiff in action No. 2, was a passenger, and a police car operated by Police Officer Mark Buono, a defendant in action No. 1.

"A rear-end collision with a stopped vehicle establishes a

prima facie case of negligence on the part of the operator of the moving vehicle" (*Ayach v Ghazal,* 25 AD3d 742,743 [2006], quoting *Russ v Investech Sec.,* 6 AD3d 602 [2004]) and imposes a duty on that operator to provide a non-negligent explanation for the collision (*see Carhuayano v J&R Hacking,* 28 AD3d 413 [2006]; *Ayach v Ghazal, supra; Briceno v Milbry,* 16 AD3d 448 [2005]; *Niyazov v Bradford,* 13 AD3d 501 [2004]; *Russ v Investech Sec., supra; Chepel v Meyers,* 306 AD2d 235 [2003]; *Leal v Wolff,* 224 AD2d 392 [1996]).

Campbell submitted evidence that her vehicle was stopped at the time it was struck in the rear by the police vehicle, establishing a prima facie entitlement to judgment as a matter of law on the issue of liability. In response, the defendants failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). "A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" (*Ayach v Ghazal, supra* at 743 [internal quotation marks omitted]; *see Belitsis v Airborne Express Frgt. Corp.,* 306 AD2d 507 [2003]; *Dickie v Pei Xiang Shi,* 304 AD2d 786 [2003]). Accordingly, the Supreme Court erred in denying Campbell's motion in action No. 1 for summary judgment on the issue of liability against the defendants in that action. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.