(May 15, 2007)

■ RAFIQUE AHMAD et al., Respondents, v JOSEPH GRIMALDI et al., Appellants. [834 NYS2d 480]—

In an action to recover damages for personal injuries, the

defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated October 5, 2006, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

The vehicle owned by the defendant Joseph Grimaldi and operated by the defendant J.J. Grimaldi, 3rd, rear-ended the vehicle operated by the plaintiff Rafique Ahmad while both vehicles were on an entrance ramp to the Brooklyn-Queens Expressway. The plaintiff Abul Kashem was a passenger in Ahmad's vehicle.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of 0 negligence by providing a non-negligent explanation for the collision (*see Hakakian v McCabe,* 38 AD3d 493 [2007]; *Campbell v City of Yonkers,* 37 AD3d 750 [2007]; *Levin v Chaudhry,* 26 AD3d 472, 473 [2006]; *Niyazov v Bradford,* 13 AD3d 501, 501-502 [2004]).

The Supreme Court correctly granted the plaintiffs' motion for summary judgment on the issue of liability (*see Lopez v Minot,* 258 AD2d 564, 565 [1999]). After the plaintiffs made out a prima facie case of negligence, the defendants failed to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Russ v Investech Sec.,* 6 AD3d 602 [2004]). Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.