■ MARVIN JOHNSTON et al., Appellants, v ANTHONY SPOTO, Respondent. [850 NYS2d 204]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated

June 4, 2007, as denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' cross motion for summary judgment on the issue of liability is granted.

A motor vehicle accident occurred on the exit ramp of the Belt Parkway, at or near its intersection with North Conduit Avenue in Queens. The plaintiff Audrey Curry was a passenger in a motor vehicle operated by the plaintiff Marvin Johnston when it was struck in the rear by a vehicle operated by the defendant.

It is established that "a rear-end collision with a stopped vehicle establishes a prima facie case of liability against the [driver and owner of] the moving vehicle and imposes a duty of explanation on its driver" (*Krakowska v Niksa,* 298 AD2d 561 [2002]; *see Vidal v Tsitsiashvili,* 297 AD2d 638 [2002]).

The plaintiffs established a prima facie case for summary judgment by tendering the affidavit of Marvin Johnston, who stated that he had been at a complete stop at a stop sign at the end of the exit ramp when he was struck in the rear by the defendant's vehicle. The defendant's assertion that the Johnston vehicle stopped short was insufficient to raise a triable issue of fact (*see Reed v New York City Tr. Auth.,* 299 AD2d 330 [2002]; *Barberena v Budd Enters.,* 299 AD2d 305 [2002]; *McGregor v Manzo,* 295 AD2d 487 [2002]). Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.