■ ANDRE SMITH, Respondent, v STEVEN E. SESKIN et al., Respondents, and DONALD MARTINO et al., Appellants. [854 NYS2d 420]—

The plaintiff Andre Smith allegedly sustained injuries when the car in which he was a passenger was involved in a five-car collision on the Verrazano Narrows Bridge with cars operated and/or owned by the defendants. Based on the parties' deposition testimony, it is undisputed that the car operated and owned by the defendant Andrzej S. Rytel was stopped when it was hit in the rear by a car owned and operated by the defendant Donald Martino, and pushed forward into the car operated by the defendant Steve E. Seskin and owned by the defendant Roselinda Seskin. Martino's car was stopped when it was hit in the rear and propelled into Rytel's car by the car operated and owned by the defendant John J. James, in which Smith was a passenger. James's car was hit in the rear by the car operated by the defendant Joseph B. Palascak and owned by the defendant Ahsan U. Zafar. Prior to this chain-reaction collision, Rytel and Martino each were able to bring their car to a complete stop without coming into contact with the cars in front of them.

The Seskins moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and Rytel and Martino cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court granted the Seskins' motion but denied the cross motions without explanation.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle (*see Ahmad v Grimaldi*, 40 AD3d 786 [2007]; *Sabbagh v Shalom*, 289 AD2d 469 [2001]). Rytel and Martino established their prima facie entitlement to judgment as a matter of law by presenting evidence that the cars they were operating were stopped prior to being hit in the rear by the cars behind them (*see Bournazos v Malfitano*, 275 AD2d 437, 438 [2000]; *Elezovic v Harrison*, 292 AD2d 416, 417 [2002]). The papers submitted in opposition to the cross motions failed to raise a triable issue of fact as to whether negligence on the part of Rytel and/or Martino contributed to the collision (*see Campbell v City of Yonkers*, 37 AD3d 750, 751 [2007]; *Belitsis v Airborne Express Frgt. Corp.*, 306 AD2d 507, 508 [2003]; *Bournazos v Malfitano*, 275 AD2d 437 [2000]). Accordingly, the cross motions of Rytel and Martino for summary judgment should have been granted. Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.