■ JUAN ARIAS, Respondent, v DANNY R. ROSARIO et al., Respondents, and GIANCARLO CORONA et al., Appellants. [860 NYS2d 168]—

In an action to recover damages for personal injuries, the defendants Giancarlo Corona and Amelia Corona appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated November 8, 2006, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and

the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff allegedly was injured while he was a passenger in a vehicle driven by the defendant Danny R. Rosario and owned by the defendant Angel Rosario. The Rosario vehicle rear-ended a vehicle driven by the defendant Giancarlo Corona and owned both by him and the defendant Amelia Corona. At his deposition, Giancarlo Corona explained that he slowed down prior to the accident because there was a disabled vehicle in front of him on the parkway which had also slowed down. Danny Rosario testified at his deposition that he noticed that there was something in front of the Corona vehicle generating a thick cloud of white smoke, and that he thereafter saw a stalled car on the side of the road. The Supreme Court denied the Coronas' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. We reverse.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident (see Smith v Seskin, 49 AD3d 628 [2008]; Ahmad v Grimaldi, 40 AD3d 786 [2007]; Campbell v City of Yonkers, 37 AD3d 750, 751 [2007]; Emil Norsic & Son, Inc. v L.P. Transp., Inc., 30 AD3d 368 [2006]). "A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" (Russ v Investech Sec., 6 AD3d 602 [2004]; see Johnston v Spoto, 47 AD3d 888 [2008]; Campbell v City of Yonkers, 37 AD3d at 751; Neidereger v Misuraca, 27 AD3d 537 [2006]; Ayach v Ghazal, 25 AD3d 742 [2006]).

Here, the Coronas made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence that their vehicle was struck in the rear by the Rosario vehicle (see Smith v Seskin, 49 AD3d 628 [2008]; Ahmad v Grimaldi, 40 AD3d 786 [2007]; Campbell v City of Yonkers, 37 AD3d at 751; Emil Norsic & Son, Inc. v L.P. Transp., Inc., 30 AD3d 368 [2006]). Although both Danny Rosario and the plaintiff claimed in opposition to the motion that the Corona vehicle suddenly decreased its speed or stopped without warning, Danny Rosario was aware that there was a smoke condition in front of the Corona vehicle, and his deposition testimony indicates that he was following the Corona vehicle more closely than was reasonable (see Vehicle and Traffic Law § 1129 [a]). Under these circumstances, the assertion that the Corona vehicle suddenly

decreased its speed or stopped was insufficient to rebut the presumption of negligence created by the rear-end collision, and raise a triable issue of fact to defeat summary judgment (*see Campbell v City of Yonkers*, 37 AD3d at 751; *Emil Norsic & Son, Inc. v L.P. Transp., Inc.*, 30 AD3d 368 [2006]; *Neidereger v Misuraca*, 27 AD3d 537 [2006]; *Ayach v Ghazal*, 25 AD3d 742 [2006]). Mastro, J.P., Santucci, Eng and Belen, JJ., concur.