■ BARBARA HUGHES, Respondent, v BO CAI et al., Appellants. [866 NYS2d 253]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 21, 2007, which granted the plaintiff's motion for summary judgment on the issue of liability, and denied that branch of their cross motion which was to dismiss the complaint pursuant to CPLR 3126 (3) based on the failure of the plaintiff's decedent to appear for an independent medical examination.

Ordered that the order is affirmed, with costs.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, non-negligent explanation for the accident" (*Arias v Rosario*, 52 AD3d 551, 552 [2008]; *see Smith v Seskin*, 49 AD3d 628, 629 [2008]; *Ahmad v Grimaldi*, 40 AD3d 786, 787 [2007]). In this case, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability by submitting evidence that the vehicle driven by her decedent was struck in the rear by a vehicle driven by the defendant Bo Cai, owned by the defendant Associates Leasing, Inc., and leased to the defendant OCS America, Inc. (*see Arias v Rosario*, 52 AD3d 551 [2008]). In opposition to the plaintiff's motion, the defendants failed to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Ahmad v Grimaldi*, 40 AD3d 786, 787 [2007]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.

The Supreme Court also properly denied that branch of the defendants' cross motion which was to dismiss the complaint based on the failure of the plaintiff's decedent to appear for an independent medical examination. The defendants were not entitled to that relief, because they failed to demonstrate that the decedent's conduct was willful or contumacious (*see Ashkenazy v New York City Hous. Auth.*, 27 AD3d 500, 501

[2006]). Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 34250(U).]