In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), dated May 14, 2008, which denied their motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs’ motion for summary judgment on the issue of liability is granted.
This action arises out of a two-vehicle collision on Route 1-95 near an intersection with Delaware Route 8 in New Castle, Delaware. The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting the affidavit of the plaintiff driver Samaroo Persaud (hereinafter the plaintiff) stating that he was traveling on the roadway when his vehicle was struck in the rear by the defendant’s vehicle. “A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident” (Arias v *615 Rosario, 52 AD3d 551, 552 [2008], citing Smith v Seskin, 49 AD3d 628 [2008]; Ahmad v Grimaldi, 40 AD3d 786 [2007]; Campbell v City of Yonkers, 37 AD3d 750, 751 [2007]; Emil Norsic & Son, Inc. v L.P. Transp., Inc., 30 AD3d 368 [2006]). “A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence” (Russ v Investech Sec., 6 AD3d 602 [2004]; see Arias v Rosario, 52 AD3d at 552; Johnston v Spoto, 47 AD3d 888 [2008]; Campbell v City of Yonkers, 37 AD3d at 751; Neidereger v Misuraca, 27 AD3d 537 [2006]; Ayach v Ghazal, 25 AD3d 742 [2006]).
The defendant’s contention in opposition, that she was traveling at 15-20 miles per hour approximately two car lengths behind the plaintiff, when the plaintiff suddenly stopped, did not rebut the inference of negligence by providing a non-negligent explanation for the collision (see Lundy v Llatin, 51 AD3d 877 [2008]; Ahmad v Grimaldi, 40 AD3d 786 [2007]; Russ v Investech Sec., 6 AD3d 602 [2004]). Therefore, the plaintiffs’ motion for summary judgment on the issue of liability should have been granted.
In light of the foregoing, the parties’ remaining contentions need not be reached. Santucci, J.E, Co vello, Leventhal and Belen, JJ., concur.