In two related actions to recover damages for personal injuries, etc., (1) the plaintiffs in actions No. 1 and No. 2 appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated March 9, 2007, as granted that branch of the motion of the defendants in actions No. 1 and 2 Danielle Pascale and Margarita Pascale which was for summary judgment dismissing the complaints insofar as asserted against them, and (2) the defendant in action No. 1 Paul J. Babicki separately appeals from the same order.
Ordered that the separate appeal by the defendant in action No. 1 Paul J. Babicki is dismissed as abandoned, without costs or disbursements; and it is further,
Ordered that the order is reversed insofar as appealed from by the plaintiffs in actions No. 1 and 2, on the law, with costs, and that branch of the motion of the defendants Danielle Pascale and Margarita Pascale which was for summary judgment dismissing the complaints insofar as asserted against them is denied.
These related personal injury actions arose out of a four-car chain-reaction collision that occurred on the Verrazano-Narrows *623 Bridge on April 10, 2004. Danielle M. Pascale and Margarita Pascale, defendants in both actions, were the operator and owner, respectively, of the third vehicle. The Supreme Court granted their motion, inter alia, for summary judgment dismissing the complaint in each action insofar as asserted against them. The court found that the Pascale vehicle was rear-ended by the fourth car in the accident and propelled into the second car. We reverse.
Vehicle and Traffic Law § 1129 (a) provides that “[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.” Thus, “[v]ehicle stops which are foreseeable under the prevailing conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a [statutory] duty ... to maintain a safe distance between his or her car and the car ahead” (Barberena v Budd Enters., 299 AD2d 305, 306 [2002]). Moreover, a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to provide a nonnegligent explanation for the collision (see Hughes v Cai, 55 AD3d 675 [2008]; Arias v Rosario, 52 AD3d 551, 552 [2008]; Ahmad v Grimaldi, 40 AD3d 786, 787 [2007]). Evidence that a vehicle was rear-ended and propelled into the stopped vehicle in front of it may provide a sufficient nonnegligent explanation (see Katz v Masada II Car & Limo Serv., Inc., 43 AD3d 876, 877 [2007]).
Here, contrary to the findings of the Supreme Court, there was conflicting evidence as to whether the Pascales’ vehicle rear-ended the vehicle in front of it because it was following that vehicle more closely than was reasonable and prudent, or whether, instead, although it was not following more closely than was reasonable and prudent, it rear-ended the vehicle in front of it because it was hit from behind and propelled into that vehicle. Danielle Pascale testified at her deposition that the vehicle she was operating was struck from behind and propelled into the rear of Henny Malak’s vehicle in front of her. In contrast, Paul J. Babicki testified that the vehicle he was operating was struck by the Pascale vehicle and propelled into the Malak vehicle before he heard the impact of a vehicle striking the Pascale vehicle. Traci Wynder, a passenger in Christopher Wynder’s vehicle, the last vehicle in the chain, also testified at a deposition that she heard an impact before the Wynder vehicle struck the rear of the Pascale vehicle, and Glen Malak testified that he felt three impacts from behind. Given the existence of a *624 triable issue of fact as to their negligence, the Pascales were not entitled to summary judgment dismissing the complaints insofar as asserted against them (see Omrami v Socrates, 227 AD2d 459 [1996]). Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur. [See 2007 NY Slip Op 30041(11).]