■ EMPIRE INSURANCE COMPANY, as Subrogee of JOSE R. RIVERA, Respondent, v IRWIN J. LACKOWITZ et al., Appellants, et al., Defendants. [872 NYS2d 186]—

In an action to recover damages for injury to property, the defendants Irwin J. Lackowitz and Jillian Lackowitz appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated June 3, 2008, which granted the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the appellants is denied.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to provide a nonnegligent explanation for the collision (see Arias v Rosario, 52 AD3d 551, 552 [2008]; Ahmad v Grimaldi, 40 AD3d 786, 787 [2007]). Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a suf-

ficient nonnegligent explanation (*see Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]; *Harris v Ryder*, 292 AD2d 499, 500 [2002]). Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability insofar as asserted against the appellants by submitting evidence that the vehicle driven by its subrogee, Jose R. Rivera (hereinafter the Rivera vehicle), was struck in the rear by a vehicle operated by the defendant Jillian Lackowitz and owned by the defendant Irwin J. Lackowitz (hereinafter the Lackowitz vehicle). In opposition to the plaintiff's showing, however, the appellants raised a triable issue of fact as to whether the Lackowitz vehicle was itself struck in the rear end by a third vehicle and propelled forward into the Rivera vehicle, which would provide a sufficient nonnegligent explanation, thus precluding an award of summary judgment in the plaintiff's favor on the issue of the appellants' liability. Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.