■ Dana Trombetta et al., Appellants, v Barbara Cathone, Respondent. [874 NYS2d 169]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 16, 2008, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

On January 2, 2008 at the intersection of 1st Street and Highbrook Avenue in Pelham Manor, the plaintiffs' vehicle was struck in the rear by a vehicle operated by the defendant. The plaintiffs commenced this action against the defendant, and moved for summary judgment on the issue of liability. The Supreme Court denied the motion. We reverse.

As a general rule, in the absence of any negligence on the part of a plaintiff, a rear-end collision with a stopped vehicle establishes a prima facie case of negligence against the driver

and owner of the moving vehicle and imposes a duty of explanation on its driver (*see Arias v Rosario,* 52 AD3d 551 [2008]; *Ahmad v Grimaldi,* 40 AD3d 786 [2007]).

In this case, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by tendering an affidavit from the plaintiff driver Dana Trombetta, in which she stated that she completely stopped at a stop sign while waiting for a crossing guard who was directing pedestrians to cross the street, when she was struck in the rear by the defendant's vehicle. The defendant's opposition consisted solely of an affirmation of counsel and, therefore, was insufficient to rebut the plaintiffs' prima facie showing. Defense counsel's claim that further discovery was required (*see* CPLR 3212 [f]) is unavailing since the defendant failed to put forth some evidentiary basis to suggest that discovery might lead to relevant evidence (*see Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615 [1999]). Rivera, J.P., Dillon, Miller, Balkin and Leventhal, JJ., concur.