■ REINA RAMIREZ et al., Respondents, v RICHARD G. KON-STANZER, Appellant. [878 NYS2d 381]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated February 26, 2008, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On the afternoon of March 24, 2006, a motor vehicle operated by the plaintiff Reina Ramirez (hereinafter the plaintiff) on Route 110 in Suffolk County was struck from behind by a motor vehicle owned and operated by the defendant.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by tendering the affidavit and deposition testimony of the plaintiff, which indicated that she had been at a complete stop at a red light when her vehicle was struck in the rear by the defendant's motor vehicle. " 'A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident' " (*Jumandeo v Franks*, 56 AD3d 614, 614 [2008], quoting *Arias v Rosario*, 52 AD3d 551, 552 [2008]; *see Smith v Seskin*, 49 AD3d 628 [2008]; *Ahmad v Grimaldi*, 40 AD3d 786 [2007]; *Campbell v City of Yonkers*, 37 AD3d 750, 751 [2007]; *Emil Norsic & Son, Inc. v L.P. Transp., Inc.*, 30 AD3d 368 [2006]). " 'A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence' " (*Jumandeo v Franks*, 56 AD3d at 615, quoting *Russ v Investech Sec.*, 6 AD3d 602 [2004]; *see Arias v Rosario*, 52 AD3d at 552; *Johnston v Spoto*, 47 AD3d 888 [2008]; *Campbell v City of Yonkers*, 37 AD3d at 751; *Neidereger v Misuraca*, 27 AD3d 537 [2006]; *Ayach v Ghazal*, 25 AD3d 742 [2006]). Thus, the defendant's contention, made in opposition to the plaintiffs' motion, that the plaintiff proceeded once the traffic light turned green but then suddenly stopped, did not rebut the inference of negligence by providing a nonnegligent explanation for the colli-

sion (*see Jumandeo v Franks,* 56 AD3d at 614-615; *Lundy v Llatin,* 51 AD3d 877 [2008]; *Russ v Investech Sec.,* 6 AD3d 602 [2004]). Therefore, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. Spolzino, J.P., Skelos, Santucci and Dickerson, JJ., concur.