■ HENRY ZDENEK, JR., et al., Respondents, v SAFETY CONSULTANTS, INC., et al., Appellants. [883 NYS2d 57]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 30, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff Henry Zdenek, Jr. (hereinafter the plaintiff), was injured when his motorcycle struck the rear of a van owned and operated by the defendants on an entrance ramp to the Long Island Expressway. At his deposition, the defendant driver testified that he had slowed down prior to the accident in anticipation of a traffic light which controlled traffic merging from the entrance ramp onto the expressway. In contrast, the plaintiff claims that the defendant driver actually came to a sudden and complete stop without signaling, and that the stop was unnecessary because the subject traffic light was not in operation at the time of the accident. However, the plaintiff admitted at his deposition that he was five to six car lengths behind the defendants' van when he observed that it had come to a stop. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint, and we reverse.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Jumandeo v Franks,* 56 AD3d 614 [2008]; *Arias v Rosario,* 52 AD3d 551, 552 [2008]; *Hakakian v McCabe,* 38 AD3d 493 [2007]). "A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" (*Jumandeo v Franks,* 56 AD3d 614, 615 [2008] [internal quotation marks omitted]; *see Arias v Rosario,* 52 AD3d 551, 552 [2008]; *Lundy v Llatin,* 51 AD3d 877, 878 [2008]).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence that their van was struck in the rear by the plaintiff's motorcycle (*see Arias v Rosario,* 52 AD3d 551, 552 [2008]; *Harrington v Kern,* 52 AD3d 473 [2008]; *Ahmad v Grimaldi,* 40 AD3d 786 [2007]). Although the plaintiff claims that the defendants' van came to a sudden stop, his testimony that he was five to six car lengths behind the van when the stop occurred, but was nevertheless unable to safely stop his motorcycle behind the van, indicates that he was traveling at an excessive rate of speed for an entrance ramp merging onto an expressway (*see Barile v Lazzarini,* 222 AD2d 635, 636 [1995]). Under these circumstances, the assertion that the defendants' van came to a sudden stop was insufficient to rebut the presumption of negligence created by the rear-end collision, and raise a triable issue of fact to defeat summary judgment (*see Jumandeo v Franks,* 56 AD3d 614, 615 [2008]; *Arias v Rosario,* 52 AD3d 551, 552 [2008]; *Harrington v Kern,* 52 AD3d 473 [2008]; *Lundy v Llatin,* 51 AD3d 877, 878 [2008]; *Barile v Lazzarini,* 222 AD2d 635, 636 [1995]). Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.