■ MARK C. MALLEN, Appellant, v ELLIOT SU et al., Respondents. [890 NYS2d 79]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated December 23, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A vehicle operated by the defendant Elliot Su and owned by the defendant Gen-Wen Su was hit in the rear by a motorcycle owned and operated by the plaintiff on Noxon Road in LaGrangeville. The plaintiff's friend, nonparty Steven Stubbs, was operating his motorcycle about 20 feet behind the defendants' vehicle, and the plaintiff was operating his vehicle about 20 feet behind Stubbs's motorcycle. Stubbs swerved to the right and did not come into contact with the defendants' vehicle.

A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Arias v Rosario*, 52 AD3d 551 [2008]; *Hakakian v McCabe*, 38 AD3d 493 [2007]). "A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the

presumption of negligence" (*Russ v Investech Sec.*, 6 AD3d 602 [2004]; *see Zdenek v Safety Consultants, Inc.*, 63 AD3d 918 [2009]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Jumandeo v Franks*, 56 AD3d 614 [2008]; *Arias v Rosario*, 52 AD3d 551 [2008]).

Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence that their vehicle was struck in the rear by the plaintiff's motorcycle (*see Zdenek v Safety Consultants, Inc.*, 63 AD3d 918 [2009]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Jumandeo v Franks*, 56 AD3d 614 [2008]; *Arias v Rosario*, 52 AD3d 551 [2008]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The plaintiff proffered no evidence of his speed, nor of the speed limit. Under the circumstances, the assertion that the defendants' vehicle came to a sudden stop was insufficient to rebut the inference of negligence created by the rear-end collision (*see Zdenek v Safety Consultants, Inc.*, 63 AD3d 918 [2009]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Jumandeo v Franks*, 56 AD3d 614 [2008]; *Arias v Rosario*, 52 AD3d 551 [2008]; *Russ v Investech Sec.*, 6 AD3d 602 [2004]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.