■ PILAR FRANCO et al., Respondents, v JOSEPH P. BRECEUS et al., Appellants, and ADAM B. DAUGUSTE, Respondent. [895 NYS2d 152]—

In an action to recover damages for personal injuries, etc., the defendants Joseph P. Breceus and Vicaire Artis appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated December 12, 2008, as, upon reargument, adhered to an original determination in an order dated May 16, 2008, granting the motion of the defendant Adam B. Dauguste for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, granting the plaintiffs' cross motion for summary judgment on the issue of liability against them, and granting that branch of the separate cross motion of the plaintiff Ramon Franco which was for summary judgment dismissing their counterclaim for contribution and/or indemnification against him for any damages resulting from injuries sustained by the plaintiff Pilar Franco.

Ordered that the order dated December 12, 2008, is affirmed insofar as appealed from, with one bill of costs.

On April 20, 2007, at about 8:00 A.M., the parties were involved in a three-vehicle collision in the westbound lane of the Grand Central Parkway in Queens. The defendant Adam B. Dauguste was operating the lead vehicle, while the plaintiff Pilar Franco was a passenger in her own vehicle operated by her husband, the plaintiff Ramon Franco, which was in the middle. A vehicle operated by the defendant Joseph P. Breceus and owned by the defendant Vicaire Artis was in the rear. The plaintiffs commenced this action against all the defendants, and the defendants asserted cross claims against each other, and counterclaims against the plaintiffs.

After discovery, Dauguste moved for summary judgment, contending that his vehicle was hit in the rear by the plaintiffs' vehicle, and the plaintiffs cross-moved for summary judgment on the issue of liability against Breceus and Artis, contending that their vehicle was propelled into Dauguste's vehicle when the Breceus vehicle hit their vehicle in the rear. The plaintiff Ramon Franco separately cross-moved to dismiss the counterclaims. Breceus and Artis opposed the cross motions, contending that Dauguste made a sudden stop in heavy traffic and that

the plaintiffs' vehicle struck the Dauguste vehicle before the Breceus vehicle struck the plaintiffs' vehicle.

The Supreme Court granted the motion and the cross motions. Breceus and Artis appealed to this Court, and simultaneously moved for leave to reargue before the trial court. In a superseding order, the trial court granted the motion by Breceus and Artis for leave to reargue and, upon reargument, adhered to its original determination. In the interim, the earlier appeal was dismissed by decision and order on motion of this Court dated March 17, 2009, for failure to perfect in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [h]). This appeal ensued from the superseding order made upon reargument. We affirm.

As general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754 [1999]; *Bray v Cox*, 38 NY2d 350, 353 [1976]).

While the better practice would have been for Breceus and Artis to withdraw the prior appeal, rather than abandon it, nonetheless, we exercise our discretion to review the issues raised on the appeal from so much of the order dated December 12, 2008, as was made upon reargument (*see Neuburger v Sidoruk*, 60 AD3d 650, 652 [2009]; *DiGiaro v Agrawal*, 41 AD3d 764, 765 [2007]; *Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393, 393-394 [2007]).

With respect to the merits of the appeal, " '[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Harrington v Kern*, 52 AD3d 473, 473 [2008], quoting *Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see Eybers v Silverman*, 37 AD3d 403, 404 [2007]). "A claim that the driver of the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence" (*Campbell v City of Yonkers*, 37 AD3d 750, 751 [2007], quoting *Ayach v Ghazal*, 25 AD3d 742, 743 [2006]; *see Arias v Rosario*, 52 AD3d 551, 552 [2008]; *Smith v Seskin*, 49 AD3d 628, 629 [2008]).

Here, the Supreme Court properly granted the plaintiffs' cross motion for summary judgment on the issue of liability against Breceus and Artis, and the separate cross motion to dismiss the counterclaim for contribution and/or indemnification insofar as asserted by Breceus and Artis. The plaintiffs established their

prima facie entitlement to judgment as a matter of law by demonstrating that their vehicle was stopped when it was hit by the vehicle operated by Breceus and owned by Artis (*see Eybers v Silverman*, 37 AD3d at 404; *Russ v Investech Sec.*, 6 AD3d 602 [2004]; *Dileo v Greenstein*, 281 AD2d 586 [2001]). As a result of that impact, the plaintiffs' vehicle was propelled forward and struck the vehicle operated by Dauguste, whose motion for summary judgment dismissing the complaint against him for lack of negligence was also properly granted (*see Malak v Wynder*, 56 AD3d 622, 623 [2008] ["Evidence that a vehicle was rear-ended and propelled into the stopped vehicle in front of it may provide a sufficient nonnegligent explanation"]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007] [same]).

In opposition to the plaintiffs' cross motions, neither Breceus nor Artis submitted any evidence sufficient to raise a triable issue of fact (*see Arias v Rosario*, 52 AD3d at 552; *Smith v Seskin*, 49 AD3d at 629; *Campbell v City of Yonkers*, 37 AD3d at 751). Accordingly, the Supreme Court properly granted the motion and cross motions for summary judgment.

The remaining contentions of Breceus and Artis either are not properly before this Court or are without merit. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.