■ CRYSTAL CARMAN, Respondent, v ARTHUR J. EDWARDS MASON CONTRACTING COMPANY, INC., et al., Appellants. [897 NYS2d 191]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated December 3, 2008, as granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

A motor vehicle owned by the defendant Arthur J. Edwards Mason Contracting Company, Inc., and operated by the defendant William H. Mehrmann struck the rear of a vehicle operated by the plaintiff while both vehicles were traveling in the rightmost lane of the westbound roadway of Route 25A, in the Town of Brookhaven. The plaintiff commenced this action to recover damages for personal injuries resulting from the accident. After issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The plaintiff thereafter cross-moved for summary judgment on the issue of liability. The defendants appeal from so much of the order as granted the plaintiff's cross motion.

"A rear-end collision with a stopped or stopping vehicle cre-

ates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident" (*Oguzturk v General Elec. Co.*, 65 AD3d 1110, 1110 [2009] [internal quotation marks omitted]; *see Foti v Fleetwood Ride, Inc.*, 57 AD3d 724 [2008]; *Arias v Rosario*, 52 AD3d 551 [2008]). The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability, based on a statement in her affidavit that her vehicle was stopped in traffic when it was struck in the rear by the defendants' vehicle. The burden then shifted to the defendants to come forward with a nonnegligent explanation for the accident. Evidence submitted by the defendants in opposition to the cross motion, including, inter alia, the deposition testimony of nonparty witness, John Geib, Jr., failed to rebut the inference of negligence by providing a nonnegligent explanation for the subject collision (*see Hughes v Cai*, 55 AD3d 675, 675 [2008]). Accordingly, the Supreme Court properly granted the plaintiff's cross motion for summary judgment on the issue of liability. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.