In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 8, 2009, which granted the plaintiffs motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the moving vehicle and imposes a duty on that operator to provide a nonnegligent explanation for the collision (see Carman v Arthur J. Edwards Mason Contr. Co., Inc., 71 AD3d 813, 813-814 [2010]; Franco v Breceus, 70 AD3d 767, 768 [2010]; Ramirez v Konstanzer, 61 AD3d 837 [2009]; Arias v Rosario, 52 AD3d 551, 552 [2008]; Hakakian v McCabe, 38 AD3d 493 [2007]; Smith v Seskin, 49 AD3d 628 [2008]; Russ v Investech Sec., 6 AD3d 602 [2004]).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability based on the affidavits of the plaintiff and the defendant Eric S. Eramo, wherein they averred that the lead vehicle, operated by the plaintiff, was either stopping or slowing down to make a right turn when it was struck in the rear by the defendants’ vehicle.
The burden then shifted to the defendants to come forward with a nonnegligent explanation for the accident. Contrary to the determination of the Supreme Court, sufficient evidence was submitted by the defendants to raise triable issues of fact as to whether the plaintiff, as the driver of the lead vehicle, *943 contributed to the accident by making a sudden stop and failing to give a proper turn signal in compliance with Vehicle and Traffic Law § 1163 (see Klopchin v Masri, 45 AD3d 737, 738 [2007]; Taveras v Amir, 24 AD3d 655, 656 [20 053; Drake v Drakoulis, 304 AD2d 522, 522-523 [2003]; Maschka v Newman, 262 AD2d 615, 616 [1999]). Accordingly, the Supreme Court should have denied the plaintiff’s motion for summary judgment on the issue of liability.
In light of our determination, we need not reach the defendants’ remaining contention. Mastro, J.R, Florio, Belen and Chambers, JJ., concur.