██ ROSARIA A. KASTRITSIOS et al., Appellants, v GIOVANNI MARCELLO et al., Respondents. [923 NYS2d 863]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), dated June 8, 2010, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

This action arises out of a two-vehicle collision involving a vehicle operated by the plaintiff Rosaria A. Kastritsios which was struck in the rear by the vehicle operated by the defendant Angela Marcello and owned by the defendant Giovanni Marcello.

As a general rule, "a rear-end collision establishes a prima

facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanataion for the collision" (*Plummer v Nourddine*, 82 AD3d 1069, 1069-1070 [2011]; *see Ballatore v Hub Truck Rental Corp.*, 83 AD3d 978 [2011]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011]).

Here, the plaintiff driver submitted an affidavit in which she stated that her vehicle was stopped at a red light at an intersection when her vehicle was struck in the rear by the defendants' vehicle. This established the plaintiffs' prima facie entitlement to judgment as a matter of law on the issue of liability.

In response, the affidavit of the defendant driver was insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Campbell v City of Yonkers*, 37 AD3d 750, 751 [2007]). The claim that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the following vehicle (*see Franco v Breceus*, 70 AD3d 767 [2010]; *Mallen v Su*, 67 AD3d 974, 975 [2009]; *Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Jumandeo v Franks*, 56 AD3d 614 [2008]; *Arias v Rosario*, 52 AD3d 551, 552-553 [2008]; *Lundy v Llatin*, 51 AD3d 877 [2008]; *Johnston v Spoto*, 47 AD3d 888, 889 [2008]; *Campbell v City of Yonkers*, 37 AD3d at 751; *Neidereger v Misuraca*, 27 AD3d 537 [2006]; *Russ v Investech Sec.*, 6 AD3d 602, 602 [2004]).

Accordingly, the Supreme Court erred in denying the plaintiffs' motion for summary judgment on the issue of liability. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.