Auguste v Jeter (2018 NY Slip Op 08274)





Auguste v Jeter


2018 NY Slip Op 08274


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-12903
 (Index No. 509748/16)

[*1]Vladimir Auguste, respondent, 
v
Meliquin Jeter, appellant.


Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for appellant.
Law Offices of Peter DiBona, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Theresa Ciccotto, J.), dated October 31, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when a motor vehicle he was operating was struck in the rear by a vehicle owned and operated by the defendant. The plaintiff commenced this action to recover damages for personal injuries and thereafter moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendant appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Russell v J.L. Femia Landscape Servs., Inc., 161 AD3d 1119, 1120). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Scheker v Brown, 85 AD3d 1007).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability by averring that he was stopped at a red light for 45 seconds before the defendant's vehicle struck the plaintiff's vehicle in the rear (see Arslan v Costello, 164 AD3d 1408, 1409; Hewitt v Gordon-Fleetwood, 163 AD3d 536). In opposition, the defendant averred that the accident occurred after the plaintiff made a sudden stop in the middle of the road. However, the defendant did not submit any evidence as to the distance he had maintained from the plaintiff's vehicle, or the speed at which he was traveling, prior to the collision. Without such evidence, the assertion that the plaintiff's vehicle came to a sudden stop was insufficient to rebut the inference that the defendant was negligent (see Lopez v Dobbins, 164 AD3d 776, 778; Mallen v Su, 67 AD3d 974, 975).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court