Lewis v Sorto (2019 NY Slip Op 00263)





Lewis v Sorto


2019 NY Slip Op 00263


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-11611
 (Index No. 610109/16)

[*1]Willie Lewis III, respondent, 
v
Jose A. Sorto, et al., appellants.


Amabile & Erman, P.C., Staten Island, NY (Charles A. Franchini of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Michael S. Warycha and Howard Cohen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered September 20, 2017. The order denied the defendants' motion for to leave to renew their opposition to the plaintiff's motion for summary judgment on the issue of liability, which had been granted in an order of the same court dated June 1, 2017.
ORDERED that the order entered September 20, 2017, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when his vehicle was struck in the rear by a vehicle operated by the defendant Jose A. Sorto and owned by the defendant Hallen Construction Company, Inc. (hereinafter together the defendants). After joinder of issue but before discovery was complete, the plaintiff moved for summary judgment on the issue of liability, submitting an affidavit in which he averred that his vehicle was stopped at a red traffic light when it was struck in the rear by the defendants' vehicle. In opposition, the defendants argued that the motion was premature. The defendants did not submit an affidavit of Sorto. The Supreme Court granted the plaintiff's motion.
The defendants retained new counsel and moved for leave to renew their opposition to the plaintiff's motion. In support, they submitted an affidavit of Sorto, who averred that the plaintiff caused the accident by bringing his vehicle to a sudden stop. The Supreme Court denied the defendants' motion for leave to renew, and the defendants appeal.
The Supreme Court providently exercised its discretion in denying the defendants' motion for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d 852; Commisso v Orshan, 85 AD3d 845, 845-846). The defendants failed to establish a reasonable justification for their failure to submit Sorto's affidavit in opposition to the prior motion, and, in any event, the affidavit was insufficient to raise a triable issue of fact as to whether there was [*2]a nonnegligent explanation for the rear-end collision (see Ramirez v Konstanzer, 61 AD3d 837; Jumandeo v Franks, 56 AD3d 614, 615; Lundy v Llatin, 51 AD3d 877, 877-878).
AUSTIN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court