■ EDWARD ZWEERES, Appellant, v DONALD MATERI, Respondent. [942 NYS2d 625]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered June 29, 2011, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (*see Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see also* Vehicle and Traffic Law § 1129 [a]). Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (*see Filippazzo v Santiago*, 277 AD2d 419 [2000]; *Johnson v Phillips*, 261 AD2d 269 [1999]). However, a driver also has the duty "to not stop suddenly or slow down without proper signaling so as to avoid a collision" (*Drake v Drakoulis*, 304 AD2d 522, 523 [2003]; *see Purcell v Axelsen*, 286 AD2d 379, 380 [2001]; *Colonna v Suarez*, 278 AD2d 355 [2000]; *see also* Vehicle and Traffic Law § 1163 [c]).

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Volpe v Limoncelli*, 74 AD3d 795 [2010] [internal quotation marks omitted]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Parra v Hughes*, 79 AD3d 1113, 1114

[2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Staton v Ilic*, 69 AD3d 606 [2010]; *Lampkin v Chan*, 68 AD3d 727 [2009]; *Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *Starace v Inner Circle Qonexions*, 198 AD2d 493 [1993]; *Edney v Metropolitan Suburban Bus Auth.*, 178 AD2d 398, 399 [1991]).

The defendant established his prima facie entitlement to judgment as a matter of law by submitting evidence in support of his motion that demonstrated that the plaintiff's motorcycle hit his motorcycle in the rear when it was stopped during a charity ride for the March of Dimes. In opposition to the defendant's motion, the plaintiff failed to raise a triable issue of fact as to the existence of a nonnegligent explanation for the rear-end collision.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. For the same reasons, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.