■ MAUREEN M. SANCHEZ-SANTIAGO, Respondent, v CALL-A-HEAD CORP. et al., Appellants. [945 NYS2d 716]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Nelson, J.), dated August 18, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff's decedent in this wrongful death action was killed when his motorcycle collided with the rear of the defendants' vehicle in the left northbound lane of Cross Bay Boulevard, in Queens County. The defendants' vehicle had, seconds earlier, completed a legal U-turn from the left southbound lane to the left northbound lane of that road. At his deposition, the defendant driver testified that he had waited until traffic was clear before making his U-turn, and that it took him about 10 seconds to make the turn. He further testified that he then traveled in the left northbound lane for 10 seconds before he felt the impact of the decedent's motorcycle to the rear of his vehicle.

The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, concluding that the defendants had not met their initial burden of establishing, prima facie, that they were free from negligence in the happening of the accident. The defendants appeal, and we reverse.

Contrary, to the Supreme Court's determination, the defendants met their initial burden of establishing, prima facie, that they were not negligent in the happening of the accident. The evidence submitted in support of their motion established, prima facie, that the defendant driver had completed his U-turn and had been traveling in the left northbound lane for at least a few seconds when the decedent's motorcycle collided with his vehi-

cle. In light of the amount of time it took for the defendant driver to execute the U-turn and any additional time that elapsed while he was traveling in the northbound left lane, the plaintiff's decedent should have seen the defendants' vehicle in sufficient time to avoid the collision. Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (*see Zweeres v Materi*, 94 AD3d 1111 [2012]; *Filippazzo v Santiago*, 277 AD2d 419 [2000]; *Johnson v Phillips*, 261 AD2d 269 [1999]). The burden therefore shifted to the plaintiff to demonstrate the existence of a triable issue of fact, but the plaintiff failed to meet her burden. It is true, as the plaintiff argues, that under the *"Noseworthy* doctrine," a plaintiff in a wrongful death action is not held to as high a degree of proof as where a plaintiff is able to describe the occurrence (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]; *Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]; *Roth v Zelig*, 64 AD3d 558, 559 [2009]; *cf. Acevedo v Hog Wing Lau*, 88 AD3d 751, 751-752 [2011]). However, even with the reduced burden of proof under that doctrine, the plaintiff is required to submit proof from which the defendant's negligence may be inferred (*see Kasper v Metropolitan Transp. Auth. Long Is. Bus*, 90 AD3d 998, 999-1000 [2011]; *Acevedo v Hog Wing Lau*, 88 AD3d at 751-752; *cf. Ruiz v Griffin*, 71 AD3d at 1115). Here, the plaintiff's assertions that the defendant driver was negligent rest entirely on surmise and speculation (*see Santiago v Quattrociocchi*, 91 AD3d 747, 748 [2012]; *Barbaruolo v DiFede*, 73 AD3d 957, 958 [2010]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.