*747 On December 10, 2008, a vehicle operated by the plaintiff was struck by the defendants’ vehicle. The plaintiff testified at his deposition that after driving through an intersection, he stopped his vehicle to allow a New York City bus to pull away from the curb in front of him, and that the defendants’ vehicle collided with the rear of the plaintiffs vehicle while it was stopped. The defendant driver testified at his deposition that just prior to the alleged accident, the plaintiffs vehicle was swerving to the right and left and stopping and starting repeatedly, and that it appeared that the operator of the vehicle was drunk. At no time did the defendant driver observe a bus. The defendant driver testified that, after the plaintiffs vehicle suddenly accelerated and then stopped short, the front of the defendants’ vehicle came in contact with the rear of the plaintiffs vehicle.
The Supreme Court should have denied the plaintiffs motion for summary judgment on the issue of liability. “[A] rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle” (Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008] [internal quotation marks omitted]). Here, even assuming that the defendant driver failed to maintain a reasonably safe distance and rate of speed while traveling behind the plaintiffs vehicle (see Vehicle and Traffic Law § 1129 [a]), the deposition testimony of the defendant driver, which was submitted by the plaintiff, raised a triable issue of fact as to whether the plaintiff contributed to the accident by driving in an erratic manner (see Tutrani v County of Suffolk, 10 NY3d at 908; Kertesz v Jason Transp. Corp., 102 AD3d 658, 659 [2013]; Hazzard v Burrowes, 95 AD3d 829, 830 [2012]). Accordingly, the plaintiff failed to make a prima facie showing of his entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
*748 The Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In opposition to the defendants’ prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]), the plaintiff raised a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324 [1986]). Balkin, J.P., Lott, Austin and Miller, JJ., concur.