█ Francis Hudgins-Russell et al., Respondents, v Balbir Chand Sharma et al., Respondents, and Junior Michel, Appellant, et al., Defendant. [983 NYS2d 879]—

In an action to recover damages for personal injuries, etc., the defendant Junior Michel appeals from an order of the Supreme Court, Queens County (Agate, J.), entered November 8, 2012, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs.

Frances Hudgins-Russell was a passenger in a taxi that came into contact with the rear of a vehicle operated by Junior Michel. Hudgins-Russell, and her husband suing derivatively, subsequently commenced this action against Michel, among others.

The Supreme Court properly denied Michel's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. "It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" (*Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008] [internal quotation marks omitted]). Here, however, the evidence submitted in support of Michel's motion failed to eliminate triable issues of fact as to whether Michel was negligent in the operation of his vehicle and whether such negligence caused or contributed to the collision. In particular, Michel submitted the deposition testimony of the taxi driver, who stated that the roadway was covered by snow and ice, and that just prior to the accident, Michel's vehicle abruptly changed lanes, directly in front of the taxi, and then came to a sudden stop (*see Tutrani v County of Suffolk*, 10 NY3d at 908; *Markesinis v Jaquez*, 106 AD3d 961 [2013]; *Martinez v Martinez*, 93 AD3d 767, 769 [2012]).

Since Michel did not sustain his prima facie burden, the Supreme Court properly denied his motion, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Lott, Roman and Miller, JJ., concur.