■ WILLIAM R. TAGLIAFERRI et al., Appellants, v SANTA PETTI, Respondent. [999 NYS2d 487]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBella, J.), dated January 8, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In the late morning of June 15, 2011, the plaintiff William R. Tagliaferri (hereinafter the injured plaintiff) allegedly sustained injuries when the motorcycle he was driving struck the rear of a motor vehicle owned and operated by the defendant. The injured plaintiff's motorcycle and the defendant's vehicle had been traveling westbound on Jackson Avenue in the Town of Greenburgh, in an area controlled by two sets of lights that were in relatively close proximity to each other. The two vehicles proceeded through the first set of lights, and the collision occurred at the second set of lights, after the defendant's vehicle had already stopped at a red light. The injured plaintiff testified at his deposition that he saw the defendant's vehicle for the first time when it was already stopped at the light, and that he was unable to keep from striking it.

The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant, alleging that she was negligent in the operation of her vehicle. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiffs appeal.

The defendant established her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that she was stopped at a red light when the injured plaintiff's motorcycle came into contact with her vehicle and, thus, that she was free from fault in the happening of the accident (see Mallen v Su, 67 AD3d 974, 974-975 [2009]; cf. Brodie v Global Asset Recovery, Inc., 12 AD3d 390, 390 [2004]; Maschka v Newman, 262 AD2d 615, 616 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact. Even fully crediting their account of the happening of the accident, no triable issue of fact existed as to whether the defendant was negligent

(*see* *Sanchez-Santiago v Call-A-Head Corp.*, 95 AD3d 1292, 1292-1293 [2012]; *Zweeres v Materi*, 94 AD3d 1111, 1112 [2012]; *Mallen v Su*, 67 AD3d at 975).

In light of our determination, the plaintiffs' remaining contention has been rendered academic.

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted (*see* *Zweeres v Materi*, 94 AD3d at 1112). Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.