██ KRYSTYNA SOKOLOWSKA et al., Appellants, v YANG G. SONG et al., Respondents. [999 NYS2d 847]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Butler, J.), entered January 30, 2014, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Xian Hong Pan v Buglione, 101 AD3d 706, 707 [2012]; Zdenek v Safety Consultants, Inc., 63 AD3d 918 [2009]; Ramirez v Konstanzer, 61 AD3d 837 [2009]; Jumandeo v Franks, 56 AD3d 614 [2008]). A claim that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the following vehicle (see Kastritsios v Marcello, 84 AD3d 1174 [2011]; Franco v Breceus, 70 AD3d 767 [2010]; Mallen v Su, 67 AD3d 974 [2009]; Rainford v Sung S. Han, 18 AD3d 638 [2005]).

Here, the plaintiffs' submissions in support of their motion, which included excerpts of their conflicting deposition testimony and that of the defendant driver, Yang G. Song, demonstrated that their vehicle was struck in the rear, thus raising an inference of Song's negligence. However, the plaintiffs' submissions also revealed triable issues of fact, including whether the defendants had a nonnegligent explanation for the collision. According to Song, the plaintiffs' vehicle came to an abrupt stop for no apparent reason in the intersection where the collision occurred (see Fernandez v Babylon Mun. Solid Waste, 117 AD3d 678 [2014]; Hudgins-Russell v Sharma, 116 AD3d 1004 [2014]; Romero v Al Haag & Son Plumbing & Heating, Inc., 113 AD3d 746, 747 [2014]; Hazzard v Burrowes, 95 AD3d 829, 830 [2012]). Since the plaintiffs failed to meet their prima facie burden, we need not review the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.