■ Justin Shehab, Respondent, v Michael Powers et al., Appellants. [7 NYS3d 359]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated June 20, 2013, as, upon reargument, adhered to the original determination in an order of the same court dated March 22, 2013, denying that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Michael Powers, Cox Media Group, Inc., and Cox Enterprises, Inc.

Ordered that the order dated June 20, 2013, is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained personal injuries when a vehicle he was operating rear-ended a vehicle owned by the defendant Cox Enterprises, Inc., and operated by the defendant Michael Powers (hereinafter Powers). The plaintiff commenced this action against, among others, the defendants Cox Enterprises, Inc., Michael Powers, and Cox Media Group, Inc. (hereinafter collectively the Cox defendants), to recover damages for his personal injuries. The defendants moved for summary judgment dismissing the complaint, and in an order dated March 22, 2013, the Supreme Court denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the Cox defendants. The defendants appealed from that order, and also moved for leave to reargue that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the Cox defendants. In the order dated June 20, 2013, the Supreme Court granted the motion to reargue and, upon reargument, adhered to its original determination. By order of this Court dated February 11, 2014, the appeal from the March 22, 2013, order was dismissed for failure to perfect.

As a general rule, this Court does not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754 [1999]; Bray v Cox, 38 NY2d 350, 353 [1976]). While the better practice would have been for the defendants to withdraw the prior appeal, rather than abandon it, we exercise our discre-

tion to review the issues raised on the appeal from so much of the order dated June 20, 2013 (*see Franco v Breceus*, 70 AD3d 767, 768 [2010]).

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Cox defendants. The defendants' submissions failed to establish, prima facie, that the Cox defendants were free from fault in the happening of the accident (*cf. Tagliaferri v Petti*, 123 AD3d 1005 [2014]). In support of their motion, the defendants submitted, inter alia, the transcripts of the deposition testimony of Powers and the plaintiff. Powers testified that, when he stopped his vehicle behind numerous other vehicles at an intersection with a red traffic light, his vehicle was rear-ended by the plaintiff's vehicle. However, the plaintiff testified that, immediately prior to the accident, both his vehicle and the vehicle operated by Powers were going approximately 40 miles per hour and the plaintiff's vehicle was approximately five car lengths behind the vehicle operated by Powers. Then, the vehicle operated by Powers veered suddenly to the left, such that both tires on its driver's side were over the yellow line, while simultaneously making a sudden stop, without warning, despite the fact that traffic was moving and the intersection was 500 to 600 feet away with a traffic light in its favor.

In light of this conflicting deposition testimony, the defendants' submissions failed to eliminate all triable issues of fact as to whether Powers negligently operated his vehicle, thereby causing or contributing to the accident (*see Kertesz v Jason Transp. Corp.*, 102 AD3d 658, 659 [2013]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 846 [2012]; *Vargas v Luxury Family Corp.*, 77 AD3d 820, 820-821 [2010]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the Cox defendants, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.