■ LYUDMILA ETINGOF, Plaintiff, v METROPOLITAN LAUNDRY MACHINERY SALES, INC., et al., Defendants/Third-Party Plaintiffs-Appellants. ANNA GALUTEN, Third-Party Defendant-Respondent. [20 NYS3d 589]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Walker, J.), dated February 6, 2015, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the third-party defendant's motion for summary judgment dismissing the third-party complaint is denied.

On February 4, 2014, the plaintiff, while a passenger in a vehicle owned and operated by Anna Galuten, allegedly was injured when the vehicle was struck in the rear by a vehicle owned by Metropolitan Laundry Machinery Sales, Inc. (hereinafter Metropolitan), and operated by Andre E. Balanescu. The plaintiff commenced this action against Metropolitan and Balanescu (hereinafter together the defendants), and the defendants commenced a third-party action against Galuten. After joinder of issue, but before depositions were conducted, Galuten moved for summary judgment dismissing the third-party complaint. The Supreme Court granted the motion.

A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Theodorou v Perry*, 129 AD3d 1056, 1057 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]). Here, in support of her motion for summary judgment, Galuten submitted her affidavit in which she averred that her vehicle was stopped at a red traffic light for 40-45 seconds when it was struck from behind by the defendants' vehicle. This affidavit was sufficient to establish Galuten's prima facie entitlement to judgment as a matter of law (*see Salako v Nassau Inter-County Express*, 131 AD3d 687 [2015]; *Billis v Tunjian*, 120 AD3d 1168, 1169 [2014]; *Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]).

In opposition, the defendants raised a triable issue of fact as to whether Galuten contributed to the happening of the accident. Mere evidence of a sudden stop, without more, is not enough to raise a triable issue of fact as to whether the operator of the stopped vehicle was partly at fault, so as to defeat

summary judgment (*see Gavrilova v Stark*, 129 AD3d 907 [2015]; *Harrington v Kern*, 52 AD3d 473 [2008]; *Johnston v Spoto*, 47 AD3d 888 [2008]). However, while vehicle stops under prevailing traffic conditions are foreseeable and must be anticipated by the following driver, where the sudden stop is unexplained by the existing circumstances and conditions, an issue of fact as to liability is raised (*see Sokolowska v Song*, 123 AD3d 1004, 1004 [2014]; *Amador v City of New York*, 120 AD3d 526, 527 [2014]; *Fernandez v Babylon Mun. Solid Waste*, 117 AD3d 678, 679 [2014]; *Kertesz v Jason Transp. Corp.*, 102 AD3d 658 [2013]).

Here, Balenescu averred, inter alia, that when he was "25 yards from the Galuten vehicle, still traveling at 15 miles per hour, the light turned green, and the Galuten vehicle . . . accelerated safely through the intersection into the next block." Then about 10 yards past the intersection of West 23rd Street and 12th Avenue, the Galuten vehicle suddenly stopped short "for no apparent reason," as there was no traffic "for fifty yards in front of the Galuten vehicle," and the Galuten vehicle showed no signs, nor made any signals, to signify that it was stopping. This evidence was sufficient to raise a triable issue of fact as to whether Galuten's alleged negligence caused or contributed to the accident (*see Hudgins-Russell v Sharma*, 116 AD3d 1004, 1005 [2014]; *Markesinis v Jaquez*, 106 AD3d 961 [2013]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 846 [2012]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have denied Galuten's motion for summary judgment dismissing the third-party complaint. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.