■ MARIE PETIT, Respondent, v LLOYD ARCHER et al., Appellants, and LOIRA D. BRAVO, Respondent, et al., Defendant. [24 NYS3d 196]—

In an action to recover damages for personal injuries, the defendants Lloyd Archer and New York City Transit Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated October 3, 2014, as granted that branch of the motion of the defendant Loira D. Bravo which was for summary judgment dismissing their cross claim insofar as asserted against her, and granted the plaintiff's motion for summary judgment on the issue of liability against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of the defendant Loira D. Bravo which was for summary judgment dismissing the cross claim of the defendants Lloyd Archer and the New York City Transit Authority insofar as asserted against her is denied, and the plaintiff's motion for summary judgment on the issue of the liability against the defendants Lloyd Archer and New York City Transit Authority is denied.

The plaintiff allegedly was injured when a bus on which she was a passenger struck a vehicle operated by the defendant Loira D. Bravo in the rear. The bus was operated by the defendant Lloyd Archer and owned by the defendant New York City Transit Authority (hereinafter the NYCTA).

Bravo established her prima facie entitlement to judgment as a matter of law dismissing the cross claim of Archer and the NYCTA insofar as asserted against her by demonstrating that her vehicle was stopped at a red light when it was struck in the rear by the bus and, thus, that she was free from fault in

the happening of the accident (*see Tagliaferri v Petti*, 123 AD3d 1005, 1005 [2014]; *cf. Shehab v Powers*, 127 AD3d 955, 956 [2015]). In opposition, the NYCTA relied upon, inter alia, the affidavit of Archer. In his affidavit, Archer stated that as he was driving the bus, the vehicle operated by Bravo "passed in front of the bus from left to right without signaling and stopped at a green traffic light." This affidavit was sufficient to raise a triable issue of fact as to whether, inter alia, Bravo negligently operated her vehicle, thereby causing or contributing to the accident (*cf. Tagliaferri v Petti*, 123 AD3d at 1005-1006; *Sanchez-Santiago v Call-A-Head Corp.*, 95 AD3d 1292, 1293 [2012]; *Zweeres v Materi*, 94 AD3d 1111, 1112 [2012]). Therefore, the Supreme Court should have denied that branch of Bravo's motion which was for summary judgment dismissing the cross claim of Archer and the NYCTA insofar as asserted against her.

In support of the plaintiff's motion for summary judgment on the issue of liability against Archer and the NYCTA, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that the bus on which she was a passenger struck the vehicle operated by Bravo in the rear. However, in opposition, Archer and the NYCTA raised a triable issue of fact as to whether Archer was completely free from fault in the happening of the accident and whether it was Bravo who was solely responsible for the happening of the accident (*see Theodorou v Perry*, 129 AD3d 1056, 1058 [2015]; *Pinilla v New York City Tr. Auth.*, 122 AD3d 703 [2014]). Therefore, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of the liability against Archer and the NYCTA. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.