■ Astrel Orcel, Appellant, v Chaim A. Haber et al., Respondents. [33 NYS3d 429]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edwards, J.), dated July 31, 2015, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when a vehicle he was operating was struck in the rear by a vehicle operated by the defendant Chaim A. Haber and owned by the defendant Cab East, LLC. The plaintiff thereafter commenced this action against the defendants. Before depositions were conducted, the plaintiff moved for summary judgment on the issue of liability, contending that the defendant driver's negligent operation of his vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion, and the plaintiff appeals.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]; *Lisetskiy v Weiss*, 123 AD3d 775, 776 [2014]). "A nonnegligent explanation may include evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (*Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011]).

Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability. In support of the motion, the plaintiff submitted, inter alia, a copy of the police accident report. The police accident report

indicated that the defendant driver stated that snow and ice on the road caused him to hit the plaintiff's vehicle, which demonstrated the existence of a triable issue of fact as to whether the defendant driver had a nonnegligent explanation for his actions (*see Hudgins-Russell v Sharma*, 116 AD3d 1004, 1005 [2014]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490 [2010]; *Simpson v Eastman*, 300 AD2d 647, 648 [2002]; *Artis v Jamaica Buses*, 262 AD2d 511, 512 [1999]). Since the plaintiff submitted the police report in support of his motion, he waived any objection to its admissibility (*see Pouncey v New York City Tr. Auth.*, 135 AD3d 728, 729 [2016]). The plaintiff's failure to establish his prima facie entitlement to judgment as a matter of law required the denial of his motion, regardless of the sufficiency of the defendants' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.