■ VLADLEN JOSEPH SURIS et al., Appellants, v CITIWIDE AUTO LEASING, INC., et al., Respondents, et al., Defendants. [43 NYS3d 434]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 21, 2015, as granted the motion of the defendants Itzhak Cabressa and Citiwide Auto Leasing, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Itzhak Cabressa and Citiwide Auto Leasing, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiffs commenced this action to recover damages for personal injuries and property damage arising out of a motor vehicle accident. The defendants Itzhak Cabressa and Citiwide Auto Leasing, Inc. (hereinafter Citiwide; hereinafter together the Cabressa defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. In support of the motion, the Cabressa defendants submitted an affidavit of Cabressa. In his affidavit, Cabressa stated that the vehicle that he was operating, which was owned by Citiwide, was "standing still" on the Belt Parkway when it was struck in the rear by the vehicle operated by the plaintiff Vladlen Joseph Suris. The Supreme Court, among other things, granted the Cabressa defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs appeal.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or

she was not at fault in the happening of the subject accident. There can be more than one proximate cause of an accident" (*Lukyanovich v H.L. Gen. Contrs., Inc.*, 141 AD3d 693, 693 [2016] [citation and internal quotation marks omitted]). "[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (*Tutrani v County of Suffolk*, 64 AD3d 53, 59-60 [2009] [internal quotation marks omitted]). Here, because the Cabressa defendants failed to provide any evidence or explanation along with their motion as to why the vehicle driven by Cabressa was "standing still" on the Belt Parkway, they failed to establish, prima facie, that no negligence on the part of Cabressa contributed to the accident (*see Tutrani v County of Suffolk*, 10 NY3d 906, 907-908 [2008]; *Etingof v Metropolitan Laundry Mach. Sales, Inc.*, 134 AD3d 667, 668 [2015]; *Hudgins-Russell v Sharma*, 116 AD3d 1004, 1005 [2014]). Since the Cabressa defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the evidence submitted by the plaintiffs in opposition to the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.