Grant v Carrasco (2018 NY Slip Op 06516)





Grant v Carrasco


2018 NY Slip Op 06516


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-00960
 (Index No. 507709/17)

[*1]Richard Bruce Grant, appellant, 
v
Ramilky R. Carrasco, et al., respondents.


Joshua Brian Irwin, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn, Salvatore J. DeSantis, and Robert A. Von Hagen of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated November 15, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On the morning of January 10, 2017, a vehicle operated by the plaintiff was struck in the rear by a vehicle operated by the defendant Ramilky R. Carrasco and owned by the defendant Academy Fire Life Safety, LLC. The collision occurred on Springfield Boulevard near its intersection with 112th Avenue in Queens. The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
A rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Orcel v Haber, 140 AD3d 937; Foti v Fleetwood Ride, Inc., 57 AD3d 724; Klopchin v Masri, 45 AD3d 737). "A nonnegligent explanation may include evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 726; see Orcel v Haber, 140 AD3d at 937).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability. In support of the motion, the plaintiff submitted an affidavit wherein he averred that he gradually brought his vehicle to a stop for a red traffic light and that his vehicle was stopped for approximately three to five seconds when it was struck in the rear by the defendants' vehicle. The plaintiff also submitted, however, an uncertified copy of a police accident report, which stated that according to the defendant driver, the plaintiff's vehicle came to a sudden stop even though the traffic light was green. Although the police report contained self-serving statements not in admissible form, the plaintiff waived any objection to the admissibility of the [*2]report by submitting it in support of his motion (see Cruz v Finney, 148 AD3d 772, 773; Orcel v Haber, 140 AD3d at 937). Under the circumstances, triable issues of fact exist, inter alia, as to whether the defendant driver had a nonnegligent explanation for striking the plaintiff's vehicle in the rear (see Sokolowska v Song, 123 AD3d 1004; Fernandez v Babylon Mun. Solid Waste, 117 AD3d 678, 679; see generally Rodriguez v City of New York, 31 NY3d 312).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the issue of liability, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court