Richter v Delutri (2018 NY Slip Op 07475)





Richter v Delutri


2018 NY Slip Op 07475


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-12092
 (Index No. 9066/15)

[*1]Marilyn E. Richter, respondent, 
v
Joseph A. Delutri, et al., appellants.


Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellants.
Brian J. Levy & Associates, PLLC, Syosset, NY (Marc J. Musman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 19, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
On the morning of July 24, 2015, a motor vehicle operated by the plaintiff was struck in the rear by a vehicle operated by the defendant Joseph A. Delutri and owned by the defendant Ann Delutri while on an exit ramp from the Wantagh State Parkway. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging negligence. After discovery, the plaintiff moved for summary judgment on the issue of liability, and the defendants opposed the motion. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Cortese v Pobejimov, 136 AD3d 635, 636; Brothers v Bartling, 130 AD3d 554, 555). "A nonnegligent explanation includes, but is not limited to, sudden or unavoidable circumstances'" (D'Agostino v YRC, Inc., 120 AD3d 1291, 1292, quoting Gambino v City of New York, 205 AD2d 583, 583).
The Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. The plaintiff's deposition testimony, submitted in support of the motion, demonstrated that her vehicle was struck in the rear while stopped on the exit ramp due to traffic conditions, thus raising an inference of the defendant driver's negligence. However, the plaintiff's submissions also included a transcript of the defendant driver's deposition testimony, wherein he testified that the plaintiff's vehicle came to an abrupt stop when there was no vehicular traffic in front of it on the exit ramp, and the two vehicles collided. Under these circumstances, the plaintiff's motion papers presented a triable issue of fact as to whether the defendant driver was negligent in the happening of the subject accident (see Sokolowska v Song, 123 AD3d 1004; Fernandez v [*2]Babylon Mun. Solid Waste, 117 AD3d 678, 678-679).
Since the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law, her motion should have been denied regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court