Clements v Giatas (2019 NY Slip Op 08987)





Clements v Giatas


2019 NY Slip Op 08987


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-11300
 (Index No. 617973/17)

[*1]Jennifer A. Clements, appellant,
v
Timothy G. Giatas, et al., respondents.


Scott Lockwood, Deer Park, NY, for appellant.
Dodge & Monroy, P.C., Lake Success, NY (Mark T. Scopinich of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 5, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On November 6, 2014, a vehicle operated by the plaintiff was struck in the rear by a vehicle operated by the defendant Erica A. Giatas (hereinafter the defendant driver) and owned by the defendant Timothy G. Giatas. The plaintiff subsequently commenced this personal injury action against the defendants. Before depositions were conducted, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Grant v Carrasco, 165 AD3d 631, 631-632; Lopez v Dobbins, 164 AD3d 776, 777). "A nonnegligent explanation may include evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Ortiz v Hub Truck Rental Corp., 82 AD3d 725, 726; see Orcel v Haber, 140 AD3d 937).
Here, in support of her motion, the plaintiff submitted an affidavit that established, prima facie, that the defendant driver was negligent when she struck the rear of the plaintiff's stopped vehicle (see Yong Dong Liu v Lowe, 173 AD3d 946, 947; Motta v Gomez, 161 AD3d 725, 726). However, in opposition, the defendants raised a triable issue of fact as to the existence of a nonnegligent explanation for the collision (see Miller v Steinberg, 164 AD3d 492, 493; Rivera v Gardillo, 113 AD3d 667; DeLouise v S.K.I. Wholesale Beer Corp., 75 AD3d 489, 491). Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court