Ross v JFC Intl., Inc. (2020 NY Slip Op 03935)





Ross v JFC Intl., Inc.


2020 NY Slip Op 03935


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2018-14549
 (Index No. 7831/12)

[*1]Charles Ross, et al., plaintiffs-respondents, 
v
JFC International, Inc., et al., defendants-respondents, Lovatees Limousine Service Corp., et al., appellants, et al., defendant.


Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York, NY (Benjamin N. Gonson of counsel), for appellants.
Littlejohn Joyce Ughetta Park & Kelly LLP, Purchase, NY (Keith Gibson and Schawn-Paul Rotella of counsel), for defendants-respondents.
Tikhomirov & Associates, PLLC, Brooklyn, NY (Richard C. Bell of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Lovatees Limousine Service Corp. and Bernard Taylor appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 18, 2018. The order denied those defendants' renewed motion for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs payable to the appellants by the plaintiffs and the defendants JFC International, Inc., and Cheng Yi Lin, appearing separately and filing separate briefs, and the renewed motion of the defendants Lovatees Limousine Service Corp. and Bernard Taylor for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against them is granted.
The defendant Bernard Taylor was transporting the plaintiffs in a limousine owned by the defendant Lovatees Limousine Service Corp. (hereinafter Lovatees), when it was involved in a three-vehicle accident on the Staten Island Expressway. The limousine was struck in the rear by a vehicle operated by the defendant Michael Bruce, and Bruce's vehicle was struck in the rear by a vehicle leased by the defendant JFC International, Inc., and operated by the defendant Cheng Yi Lin (hereinafter together the JFC defendants).
The plaintiffs subsequently commenced this action to recover damages for personal injuries. After issue was joined, Lovatees and Taylor (hereinafter together the appellants) moved for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against them. That motion was denied as premature, with leave to renew upon the completion of discovery. Upon the completion of discovery, the appellants renewed their motion. In an order dated October 18, 2018, the Supreme Court denied the renewed motion. This appeal [*2]ensued.
The appellants established their prima facie entitlement to judgment as a matter of law dismissing the second amended complaint and all cross claims insofar as asserted against them by demonstrating that their vehicle was stopped when it was struck in the rear by the vehicle operated by Bruce (see Witonsky v New York City Tr. Auth., 145 AD3d 938, 939; Theo v Vasquez, 136 AD3d 795; Petit v Archer, 136 AD3d 711, 711-712). Contrary to the contentions of the plaintiffs and the JFC defendants, Bruce's bare assertion that the appellants' vehicle made a sudden stop, without more, was insufficient to raise a triable issue of fact as to whether Taylor, the operator of the appellants' vehicle, was partly at fault, so as to defeat summary judgment (see Etingof v Metropolitan Laundry Mach. Sales, Inc., 134 AD3d 667, 667-668; Gavrilova v Stark, 129 AD3d 907, 908-909).
The JFC defendants' remaining contention is without merit.
Accordingly, the appellants' renewed motion should have been granted.
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court