Gomez v Pechman (2024 NY Slip Op 00182)

Gomez v Pechman

2024 NY Slip Op 00182

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-03037
 (Index No. 601058/20)

[*1]Walter A. Gomez, appellant, 
v
Abraham Pechman, respondent, et al., defendants.

Greenstein & Milbauer, LLP, New York, NY (Bart A. Pittari of counsel), for appellant.
Lawrence & Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered September 21, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Abraham Pechman which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Abraham Pechman which was for summary judgment dismissing the complaint insofar as asserted against him is denied.
On November 19, 2019, a vehicle operated by the defendant Abraham Pechman was struck in the rear by a vehicle owned by the defendant All Around Taxi, Inc., and operated by the defendant Ruben Sanchez-Flores. The plaintiff, a passenger in the rear vehicle, commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained as a result of the accident. Pechman moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him, contending that he was not at fault in causing the accident. The Supreme Court, inter alia, granted that branch of Pechman's motion which was for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Suris v Citiwide Auto Leasing, Inc., 145 AD3d 817, 817-818 [internal quotation marks omitted]). "'[N]ot every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision'" (McAvoy v Eighamri, 219 AD3d 604, 605, quoting Martinez v Allen, 163 AD3d 951, 951-952 [internal quotation marks omitted]).
Here, in support of his motion, Pechman submitted an affidavit wherein he averred that his vehicle had been stopped for approximately one minute due to traffic conditions when his vehicle was struck in the rear by the vehicle operated by Sanchez-Flores. This evidence demonstrated, prima facie, that Pechman was not at fault in the happening of the accident (see Bello [*2]v Masters Auto Collision of Long Is., Inc., 216 AD3d 726, 727; Graham v Courtesy Transp. Servs., Inc., 145 AD3d 966, 967). In opposition, however, the plaintiff submitted an affidavit in which he averred that Pechman cut in front of the vehicle operated by Sanchez-Flores and came to a sudden stop. The plaintiff's affidavit raised a triable issue of fact as to whether Pechman's actions were a proximate cause of the accident (see Martinez v Allen, 163 AD3d at 952; Connors v Flaherty, 32 AD3d 891, 892-893).
Accordingly, the Supreme Court should have denied that branch of Pechman's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court