Saad v Gonzalez (2025 NY Slip Op 50988(U))

[*1]

Saad v Gonzalez

2025 NY Slip Op 50988(U)

Decided on June 10, 2025

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 10, 2025
Supreme Court, Richmond County

Ahmed Saad, Plaintiff,

against
Alyssa Jacqulyn Gonzalez, CAROL L. GONZALEZ, CHASITY GONZALEZ, and MARIO GONZALEZ, Defendants.

Index No. 150546/2025

Attorney for the Plaintiff
Vincent Charles Loiodice, Esq.
Law Office of Vincent C. Loiodice 34 Oak Ln Ste 100
Staten Island, NY 10312 Phone: (212) 888-2686 E-mail: [email protected]
Attorneys for the Defendants
Steven M Christman, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin Wall Street Plaza
88 Pine Street 21st Floor
New York, NY 10005 Phone: 212-376-6400 E-mail: [email protected]
Elizabeth Mary Guariglia. Esq.
Marshall, Dennehey, Warner, Coleman & Goggin Wall Street Plaza
88 Pine St. 29th Floor
New York, NY 10005 Phone: (212) 376-6400 E-mail: [email protected]

Ronald Castorina, Jr., J.

Statement Pursuant to CPLR § 2219
The following papers were considered in connection with Plaintiff's motion for summary judgment pursuant to CPLR § 3212 on the issue of liability against Defendants Alyssa Jacqulyn Gonzalez, Carol L. Gonzalez, and Chasity Gonzalez:
• Notice of Motion dated April 11, 2025; Affirmation of Vincent C. Loiodice, Esq.; Exhibits annexed thereto (NY St Cts Filing [NYSCEF] Doc Nos. 7-14);
• Affirmation in Opposition of Elizabeth M. Guariglia, Esq.; Exhibits annexed thereto (NY St Cts Filing [NYSCEF] Doc Nos. 18-23);
• Plaintiff's Reply Affirmation (NY St Cts Filing [NYSCEF] Doc No. 24);
• Statement of Material Facts and Counter Statement of Facts (NY St Cts Filing [NYSCEF] DocNos. 9; 22).
Facts
This is an action to recover damages for personal injuries allegedly sustained by Plaintiff, Ahmed Saad, arising out of a motor vehicle collision that occurred on May 17, 2023, at approximately 5:00 p.m., on Richmond Avenue at or near its intersection with Arthur Kill Road, County of Richmond, City and State of New York.
Plaintiff was operating a motor vehicle bearing license plate KPV2902, State of New York, with a passenger, Shane Clemente. Defendants' vehicle—a 2016 Smart car bearing Pennsylvania license plate LMH8601—was owned by Defendants Carol L. Gonzalez and Chasity Gonzalez and operated by Defendant Alyssa Jacqulyn Gonzalez with their permission.
Plaintiff asserts that his vehicle was stopped at the intersection for approximately 20-30 seconds when it was struck in the rear by Defendants' vehicle "with great force." Plaintiff submitted evidence of serious injuries sustained, including disc herniations, ligament tears, and surgeries to the right shoulder and right knee.
Defendants, by contrast, contend that Defendant Alyssa Gonzalez was fully stopped behind Plaintiff's vehicle at the traffic light. When the light turned green, both vehicles began to proceed; Defendant contends that Plaintiff's vehicle suddenly and without warning stopped in the middle of the intersection where no pedestrian or vehicular traffic was present, causing a minor impact ("soft tap") by Defendants' vehicle. Defendant further states that her vehicle did not push Plaintiff's vehicle forward and no passengers were observed.
[*2]Conclusions of Law
Pursuant to CPLR § 3212, summary judgment shall be granted if, upon all the papers and proof submitted, it is shown that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.
Section 1129 [a] of the New York Vehicle and Traffic Law provides that a driver "shall not follow another vehicle more closely than is reasonable and prudent," having due regard for prevailing conditions.
It is well-settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle. However, such presumption may be rebutted with a non-negligent explanation for the collision—such as an abrupt, unexplained stop by the lead vehicle under circumstances where the following driver exercised due care and maintained a safe distance.
Plaintiff has established a prima facie case of negligence under § 1129 [a] of the Vehicle and Traffic Law by adducing uncontroverted evidence that his vehicle was fully stopped at a red light for 20-30 seconds when it was struck in the rear by Defendants' vehicle.
The burden thus shifts to Defendants to raise a triable issue of fact by presenting a non-negligent explanation for the collision.
Defendants have submitted the Affirmation of Defendant Alyssa Gonzalez, who avers that she was stopped behind Plaintiff's vehicle and began to accelerate when the light turned green. She contends that Plaintiff then "stopped suddenly and without warning" despite no traffic or pedestrians being present, resulting in a "soft tap" collision. However, Defendant's Affirmation is silent as to the following critical elements: the distance maintained between the vehicles prior to impact; the speed at which Defendant was traveling at the time of impact; whether Plaintiff's brake lights were functioning properly; or whether Defendant took evasive action to avoid the collision.
In the absence of evidence regarding the distance maintained or the Defendant's speed—factors squarely relevant to compliance with VTL § 1129 [a]—the Court finds that Defendants' explanation is insufficient as a matter of law to rebut the presumption of negligence arising from the rear-end impact.
Notably, this situation closely parallels Auguste v Jeter, (167 AD3d 560 [2d Dept. 2018]), cited in Plaintiff's Reply. There, the Appellate Division held that an assertion of a sudden stop was insufficient to rebut the presumption of negligence absent competent evidence regarding following distance and speed.
While Defendants have cited several cases (e.g., Etingof v Metropolitan Laundry Mach. Sales, Inc., 134 AD3d 667 [2d Dept 2015], Fernandez v. Babylon Mun. Solid Waste, 117 AD3d 678 [2d Dept 2014]) where a sudden, unexplained stop may create a triable issue of fact, those cases uniformly involved proof that the defendant maintained a safe distance prior to impact—a fact glaringly absent here. The Court cannot infer a safe following distance or prudent driving merely from the conclusory assertion of a sudden stop, particularly where Defendants' own evidence lacks material details concerning their conduct and vigilance.
Moreover, Plaintiff has demonstrated that he was entirely free from comparative fault: his vehicle was stopped in compliance with the traffic signal, and no evidence has been presented to suggest malfunctioning brake lights or improper signaling.
Conclusion and Decretal Paragraphs
Accordingly, upon the foregoing papers, and in light of Defendants' failure to raise a triable issue of fact sufficient to rebut the presumption of negligence, it is:
ORDERED that Plaintiff's motion for summary judgment on the issue of liability against Defendants Alyssa Jacqulyn Gonzalez, Carol L. Gonzalez, and Chasity Gonzalez is hereby GRANTED, and it is further
ORDERED that the issue of damages shall proceed to trial.
This constitutes the Decision and Order of the Court
Dated: June 10, 2025
Staten Island, New York
ENTER,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT